Filed 10/21/25  P. v. Soliz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084752 |
| v. | (Super.Ct.No. FWV20004348) |
| DAVID JOSE SOLIZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant David Jose Soliz was charged by information with the following seventeen counts: lewd act on a child under the age of 14 (Pen. Code[1] § 288, subd. (a), counts 1-12), lewd act upon a child age 14 or 15 when the defendant was at least 10 years older than the child, (§ 288, subd. (c)(1), counts 13 & 14); unlawful intercourse with a child more than three years younger (§ 261.5, subd. (c), counts 15 & 16), and incest (§ 285, count 17). A jury found him guilty as charged. CT 195-196} On September 19, 2024, the court sentenced defendant to a total term of 31 years and four months in state prison.

Defendant filed a timely notice of appeal.

## FACTUAL BACKGROUND

The victim was born on January 21, 1994, and was 30 years old at the time of trial. Defendant is her father. The victim had one sibling and two half-siblings — D., A., and L. — all with the same father but different mothers. The victim testified that she first reported to the police in August 2020 that father sexually abused her. She said she took so long to come forward because she still loved her father, and she was hesitant about going through a trial. However, she decided to come forward because she was concerned for her younger sister, L., who was turning the same age she was when defendant began abusing her.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

The victim testified that father started sexually abusing her when she was 8 or 9 years old. At that time, they were living in a one-bedroom apartment. The first instance occurred after defendant returned home from work, upset about a relationship breakup. The victim wanted to comfort him. Defendant told her he wanted her to lie down with him. They went to the bedroom, lay down on the bed, and defendant draped his arm around her waist and soon began rubbing her genitals. After that incident, the touchings occurred almost daily, for several years. Defendant started out touching her genitals and different parts of her body, and he eventually progressed to undressing himself, climbing on top of her, and touching her with his penis.

When the victim was in the sixth or seventh grade, they moved to a house. As the victim's body started to develop, defendant began squeezing her breasts. He would force her to join him in bed and started having intercourse with her when she was 11 or 12 years old. At first, they had intercourse once a week, but after a few months, it became daily. The intercourse continued every year until the victim turned 18, when she moved out of the house. The victim went away for college but would come back to the house to visit her family during holidays and the summer. Defendant would either have intercourse with her at the house or tell her to meet him elsewhere. The victim testified she had intercourse with him more than five times when she was 18 or 19 years old. The last time she had intercourse with him was when she was 21 years old. Defendant asked her to meet him near the train tracks, where he had parked his truck and set up a spot with a blanket. The victim testified that defendant would condition giving her things she

3

asked for (e.g., candy, ice cream, clothes, money, etc.) on her having sex with him, from age 9 to 21.

In August 2020, at the direction of the police, the victim made a phone call to defendant from the police station, which was recorded. A transcript of the call was submitted into evidence at trial. During the call, the victim asked defendant why he "would do that to [her]," told him he took her virginity away, and said he did it for ten years of her life. Defendant replied that he "was so stupid," he "wasn't even thinking," and that if he could go back and change it, he would. He admitted he was only thinking of himself and not thinking about what it was doing to her. Defendant said, "I have no excuse for what I did" and "I'm just so sorry I did that to you." The victim said, "It's so hard when you've been sexually abused your whole life," and defendant replied, "I know." She told him to stay away from L. Defendant said he had not done anything inappropriate with L. and promised he would stay away from her. The victim said, "You were hurting me every day," and he said, "I know. I know. I'm sorry."

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth statements of the case and two potential arguable issues: (1) whether the trial court erred in failing to grant defense counsel's motion for mistrial made at the conclusion of the trial; and (2) whether the trial court provided a defective unanimity instruction.

4

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, 119-120, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICAL REPORTS

FIELDS
J.

We concur:

<u>CODRINGTON</u>
   Acting P. J.

<u>RAPHAEL</u>
    J.